IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS MILLINER, #185798, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-132-WKW |
| | ) | |
| CURBIE TOLES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Thomas Milliner, an indigent state inmate, in which he challenges the constitutionality of actions that occurred at the Kilby Correctional Facility in January of 2015.

The order of procedure entered in this case instructed Milliner to inform the court immediately of any change of address. Doc. 5 at 5. The docket indicates that Milliner received a copy of this order and provided the court with a change of address upon his transfer within the prison system. Doc. 15. The court, however, recently obtained information indicating that Milliner no longer resides at the last address he provided to the court.[1]

Based on the foregoing, the court entered an order requiring Milliner to inform the court of his current address no later than May 22, 2017. Doc. 38. This order specifically advised Milliner that the case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 38 at 1–2. As of the present day, the court has received no response from Milliner to the

---

[1] The last address Milliner provided to the court is Easterling Correctional Facility. A recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Milliner is no longer incarcerated within the state prison system.

aforementioned order, nor has he provided the court with his current address as required by the order of procedure. The court therefore concludes that this case should be dismissed.

The court has considered whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal is the proper course of action. Milliner has failed to comply with orders of this court, and his whereabouts are unknown. This case plainly cannot proceed in his absence, nor may the court impose a monetary or other sanction short of dismissal without his presence. Moreover, since his release from incarceration, Milliner has not taken any action to indicate that he continues to be interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

The parties may file objections to the Recommendation on or before **June 19, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of June, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE